**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Addison Franklin Orr,

Plaintiff

v.

Matthew D. Ence,

Defendant

Case No. 2:20-cv-00422-JAD-BNW

**Order Adopting Report and Recommendation and Dismissing Case**

[ECF No. 9]

On June 30, 2020, the magistrate judge entered a report and recommendation to dismiss this case as abandoned. She recounts that Plaintiff Addison Franklin Orr was given until April 6, 2020, to file a complete application to proceed *in forma pauperis*.[1] Though he requested and was given an extension to May 26, 2020,[2] he still has not filed the application. The magistrate judge concludes that Orr "appears to have abandoned his case," and she recommends that I dismiss it for that reason.[3] The deadline for objections to that recommendation passed without objection or any request to extend the deadline to file one. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4]

A court may dismiss an action based on a party's failure to prosecute her case or obey a court order.[5] In determining whether to dismiss an action on one of these grounds, the court

---

[1] ECF No. 3.

[2] ECF No. 8.

[3] ECF No. 9 at 1.

[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[8] and that warning was given here.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 9] is ADOPTED** in full;

**This action is DISMISSED** without prejudice as abandoned. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

U.S. District Judge Jennifer A. Dorsey
Dated: July 21, 2020

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 9.